UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARLES LANGONE, as FUND MANAGER of the NEW ENGLAND TEAMSTERS AND TRUCKING INDUSTRY PENSION FUND, <br><br> Plaintiff, <br><br> v. <br><br> GOLDWING EXPRESS, a/k/a LAMB'S EXPRESS, INC., <br><br> Defendants. | ) ) ) ) ) ) ) ) C.A. No. ) ) 04 10972 MEL ) ) ) MAGISTRATE JUDGE Bowler ) |

## COMPLAINT

1. This is an action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, *et seq.*, as amended by the Multi-Employer Pension Plan Amendments Act, 29 U.S.C. §1381 *et. seq.*, brought on behalf of New England Teamsters and Trucking Industry Pension Fund ("Pension Fund") for damages and injunctive relief arising from unpaid withdrawal liability.

2. This court has jurisdiction and venue lies in this district pursuant to Section 4301 of ERISA, 29 U.S.C. §1451.

3. Plaintiff, Charles Langone, is the Fund Manager of the Pension Fund and is a "fiduciary" within the meaning of Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3). The Pension Fund is a "multi-employer plan" within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. §1002(37)(A) and is an "employee benefit plan" or "plan" within the meaning of Section 3(3) of ERISA, 29 U.S.C. §1002(3). The Pension Fund has its principal office at and is administered from 535 Boylston Street, Boston, Massachusetts.

4. Defendant is an "employer" within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5) with a principal place of business in Cranston, Rhode Island and is an employer in an industry affecting commerce within the meaning of 29 U.S.C. §142(1) and §152(2), (6) and (7).

5. Upon information and belief, Defendant Goldwing Express, Inc. is also known a Lamb's Express, Inc.

6. Teamsters Local Union No. 251 is a "labor organization" within the meaning of 29 U.S.C. §152(5).

7. At all times relevant to this action, Defendant was obligated by the terms of one or more collective bargaining agreements between Defendant and Teamsters Local Union No. 251 and by the terms of an Agreement and Declaration of Trust to which Defendant is bound to make contributions on behalf of certain employees to the Pension Fund.

8. On or about September 30, 1995, Defendant effected a partial withdrawal from the Fund due to a seventy percent (70%) decline in contribution base units during three (3) consecutive Plan years as defined by Section 4205 of ERISA, 29 U.S.C. 1385.

11. On or about July 23, 1999, the Defendant entered into a settlement agreement with the Plaintiff to make monthly payments to the Fund for unpaid withdrawal liability totaling 42,181.00, at 8% interest, and in 84 equal monthly payments of $657.45 (attached as Exhibit A).

12. Payments were made through July 2003 for a total of $30,900.

13. The Defendant has failed to make additional monthly payments as agreed. Defendant is in default of the settlement agreement.

14. The default in payment constitutes a violation of ERISA Section 515.

WHEREFORE, Plaintiff demands that judgment enter against Defendant in accordance with 29 U.S.C. § 1132(g)(2):

1. Awarding the Pension Fund the following amounts:

   a. the unpaid balance owed pursuant to the Settlement Agreement in the amount of $10,799.70;

   b. interest accrued on delinquent payments;

   c. liquidated damages in the amount equal to the greater of interest on the unpaid balance or 20% of the unpaid balance.

   d. reasonable attorneys fees and costs; and

2. Ordering such other and further relief as this court may deem just and proper.

Dated: 5/13/04

Respectfully submitted,

Catherine M. Campbell
BBO No. 5564
FEINBERG, CAMPBELL & ZACK, P.C.
177 Milk Street
Boston, MA 02109
(617) 338-1976

_____
Attorney for plaintiff

Certificate Of Service

I, Catherine M. Campbell, hereby certify that I caused a copy of the foregoing to be mailed this date by certified mail, return receipt requested, to the Pension Benefit Guaranty Corporation.

_____
Catherine M. Campbell

3